# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTINA S., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00231-KFW |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM DECISION[1]

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in discounting various medical opinions. *See* Plaintiff's Brief (ECF No. 11-1). I discern no harmful error and affirm the Commissioner's decision.

## I. Background

The Plaintiff filed a claim for benefits in November 2021. *See* Record at 17. After her claim was denied at the initial and reconsideration levels of review, the Plaintiff requested a hearing before an ALJ. *See id.* That hearing took place in November 2023, following which the ALJ issued a written decision finding that, through her date last insured, the Plaintiff had the severe impairments of cardiac arrhythmia, lumbar spine degenerative disc disease status post fusion, hematological

---

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 10.

1

disorder, and neurocognitive disorder. *See id.* at 17, 20. Considering those impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with several additional limitations. *See id.* at 25. The ALJ found that the Plaintiff could not perform her past relevant work with such an RFC, but that she could perform other work existing in substantial numbers in the national economy and was therefore not disabled. *See id.* at 32-34. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

2

### III. Discussion

The Plaintiff criticizes the ALJ's reliance on certain evidence in discounting more favorable medical opinions and points to record evidence that might have supported giving more weight to those opinions. *See* Plaintiff's Brief at 5-6. With the exceptions discussed below, however, the Plaintiff does not identify any clear error in the ALJ's recitation of the evidence, and her disagreement with the ALJ's weighing of the evidence is not cause for remand. *See Justin P. v. O'Malley*, No. 2:23-cv-00053-LEW, 2024 WL 413351, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) ("As this Court has stated over and over again, the mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." (cleaned up)), *aff'd*, 2024 WL 1281554 (D. Me. Mar. 26, 2024); *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("[T]he resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the Commissioner], not for doctors or for the courts.").

The Plaintiff does highlight, *see* Plaintiff's Brief at 6, that the ALJ discounted the opinion of her primary care physician, Chiedza G. Jokonya, M.D., in part because the form opinion Dr. Jokonya signed was partially filled out by someone else, which led the ALJ to speculate that it was the Plaintiff herself who filled out the form, *see* Record at 31, 3634-37. The Plaintiff correctly points out, *see* Plaintiff's Brief at 6, that the record reflects it was actually evaluating physical therapist Kate-Lyn Chamberlin, MS OTR, who partially filled out the form opinion that Dr. Jokonya eventually signed, *see* Record at 3620. Nevertheless, I agree with the Commissioner,

*see* Commissioner's Brief (ECF No. 12) at 6-7, that this error was harmless given that the ALJ supportably discounted Dr. Jokonya's opinion for several other reasons, including that it was inconsistent with and unsupported by other evidence in the record, *see Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *5 (D. Me. June 11, 2017) (rec. dec.) (concluding that an ALJ's error in discounting a medical opinion was harmless where the ALJ "gave other well-supported reasons for discounting the" opinion), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019).

For the first time at oral argument, the Plaintiff also pointed out that the ALJ discounted Dr. Jokonya's opinion in part because the form Dr. Jokonya signed indicated that she had seen the Plaintiff only one time. *See* Record at 31, 3634. The Plaintiff suggested that Dr. Jokonya actually had a substantial ongoing treating relationship with the Plaintiff and that it was Physical Therapist Chamberlin who had seen the Plaintiff only one time. This argument is waived. *See Bethany W. v. Kijakazi*, No. 2:21-cv-00360-NT, 2022 WL 16919256, at *2 n.2 (D. Me. Nov. 14, 2022) (rec. dec.) (noting, in the context of a Social Security appeal, that a party waives a challenge by raising it "for the first time at oral argument"), *aff'd*, 2022 WL 17338852 (D. Me. Nov. 30, 2022). Even if the argument were not waived, the Plaintiff makes no attempt to show that remand on this point would be anything other than an empty exercise given the other supported reasons the ALJ gave for discounting Dr. Jokonya's opinion. *See Katherine L. v. O'Malley*, No. 2:23-cv-00354-JAW, 2024 WL 3616679, at *3 (D. Me. July 31, 2024) (rec. dec.) (noting that a plaintiff must

demonstrate "a reasonable probability that the outcome would be different upon remand" to show that an error was harmful (cleaned up)), *aff'd*, 2024 WL 4277813 (D. Me. Sept. 24, 2024).  Moreover, the fact that Dr. Jokonya signed a form reflecting another provider's patient contact history tends to, if anything, further undermine her opinion.

### IV.  Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

Dated: May 15, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge